Baker & Lockwood Manufacturing Company v. J. M. Clayton
ET AL.

Decided May 11, 1907.

1.—Breach of Contract—Special Damage—Pleading.

In a suit for special damages for breach of a contract to return within a reasonable time certain rented personal property, pleading considered, and held sufficient as against a general demurrer. As against a general demurrer every reasonable intendment will be indulged in favor of the pleading.

**2.—Same—Notice of Special Damage—Case Followed.**

It is not necessary that notice be given at the time a contract is made of special damage likely to result from a breach of the same, provided such notice is given before such damage results and in time for the defendant to have avoided the same by compliance with his contract. Bourland v. Choctaw O. & G. Ry. Co., 99 Texas, 407, followed.

**3.—Bailee—Liability.**

A bailee is required to exercise ordinary care to preserve the property in his custody and is liable only for such injuries as proximately result from his failure in this respect. Where one renting a tent permitted it to be used at a different place and for a different purpose from that specified in the rent contract, he would not be liable for injuries to the tent while being so used unless the injuries were the result of negligence.

**4.—Same—Prima Facie Case—Charge.**

Evidence that an article was in good condition when delivered to a bailee and in a damaged condition when returned, might make a prima facie case of liability against the bailee, but it would not be proper for the court to so charge the jury.

**5.—Verdict Contrary to Evidence.**

In a suit for damages for breach of contract, evidence considered, and held insufficient to support a verdict for defendant.

Appeal from the County Court of Potter County. Tried below before Hon. Sam. R. Merrill.

*W. E. Gee,* for appellant.

The tents having already been used by the appellee Clayton for the purpose for which they had been originally rented so that there was nothing further for him to do but reship them to appellant, and the appellant having informed him that it wanted the tents for other parties, it became his duty to reship them without delay, and failing to do so, he became liable to appellant for such special damages as appellant suffered by reason of such failure. Bourland v. Choctaw, O. & G. Ry. Co., 99 Texas, 407; Wells, Fargo & Co. v. Battle, 5 Texas Civ. App. 534.

If the tents were injured by reason of appellee Clayton's failure to exercise proper care over them at any time or place from the time they were received in Amarillo, Texas, until they were loaded for reshipment to appellant, then Clayton was responsible to appellant for whatever damages so resulted, whether the tents were actually in his possession or not. Sims & Smith v. Chance, 7 Texas, 571; Young v. Lewis, 9 Texas, 77; Mills v. Ashe, 16 Texas, 295; 5 Cyc., 163, div. B. and notes; Edwards on Bailments, p. 277.

If any of the damage was caused to the tent in use at Canyon City, Texas, by an unusual storm of wind at that place, then appellee Clayton was liable for such damage whether he could have prevented and foreseen such injury or not, unless he had used proper care to prevent the tent from being carried to Canyon City. 5 Cyc., 176, div. 2; 5 Cyc., 178, div. (II.) and cases cited in note 89.

If the tents were in good condition when appellant sent them to appellee Clayton and were damaged when returned to appellant,

the burden was on appellee to show that such damage was not caused by his negligence. Hislop v. Ordner, 67 S. W. Rep., 337; Guaranty Trust Co. v. Diltz, 91 S. W. Rep., 596; 5 Cyc., 217, division (II); Edwards on Bailments, p. 320.

*Turner & Boyce,* for appellees.

SPEER, Associate Justice.—This is the second appeal in this case, the opinion on the first appearing in 40 Texas Civ. App., 586, which see for a statement of the nature of the case. Upon the last trial judgment again went against the present appellant. Upon the former appeal we held that certain evidence tendered by appellant, tending to show the loss of profits of two certain rental contracts of the tents in controversy, was inadmissible under the pleadings of the case, and appellant has since amended so as to show a cause of action under the rule announced by our Supreme Court in the recent case of Bourland v. Choctaw, O. & G. Ry. Co., 99 Texas, 407. The amended paragraph reads: "Contrary to agreement between plaintiff and defendant and in violation of defendant's implied obligation to return said tents within reasonable time after their use on July 4, 1902, said tents were not shipped from Amarillo by defendant until on or about July 25, 1902, although plaintiff had informed defendant on or about July 15, 1902, that it was in need of said tents for other parties, and asked defendant to ship them back immediately, on account of which delay plaintiff was damaged in the sum of one hundred and fifty dollars, same being the amount it would have received as rental for said tents from said other parties to whom said tents were to be sent (one at Washington, Iowa, and one at Sydney, Iowa), for which amount plaintiff claims special damages." To this paragraph the trial court sustained a general exception and of course excluded the evidence offered in support thereof. In this the court erred. While the allegations may not be good as against a special demurrer in that they failed to show that appellee's negligence after July 15, when it is alleged he had notice of the probable loss to follow, resulted in the loss of the Washington and Sydney contracts. But as against a general demurrer the paragraph should be construed to that effect, since all reasonable intendments are to be indulged in favor of its sufficiency. If appellee's negligence after July 15 resulted in the loss to appellant of these rentals, then the case appears to fall fairly within the rule announced in Bourland v. Choctaw, O. & G. Ry. Co., above. The principle is illustrated by a quotation from the opinion. "The simple fact is that it (defendant) held so much of plaintiff's property of which he desired and was entitled to immediate possession for a special purpose and for the lack of which defendant was then fully informed plaintiff was in danger of suffering the loss for which compensation is now sought, which loss could have been prevented by mere delivery of the property. In such a case knowledge of these facts when the contract for transportation was made appears to us to be unessential."

In addition to the facts stated on the former appeal, it appears that the larger of the two tents in controversy after its use at Amarillo

was carried to Canyon City to a Confederate reunion. Appellee Clayton either consented to its being carried to Canyon City or at least did not object. This tent received further injuries at that place and appellant sought by special charges two and three to direct the jury with reference to this issue. Special charge three was inaccurate and properly refused in that it authorized a recovery if appellee Clayton negligently permitted the tent to be carried to Canyon City and it was there injured, irrespective of whether the injuries were the result of negligence at Canyon City or not. In other words, it made appellee liable for all injuries received at that place, irrespective of their cause, if he negligently permitted the tent to be removed. The rule, as we understand it, is that the bailee is required to exercise ordinary care to preserve the property in his custody, and for his failure in this respect he is liable for the consequences of such injuries as proximately result from his negligence. The appellee in this case did not become an insurer of the tent by reason of his negligence in not preventing its removal to Canyon City, nor does the evidence indicate that he carried it there himself, thereby making him liable as for a conversion.

The second special charge, however, should have been given. By it the jury would have been instructed that if appellee Clayton failed to exercise ordinary care with respect to said property from the time the tents were received at Amarillo until they were loaded for reshipment to Kansas City and that said tents were damaged as the result of such failure, to find for plaintiff, etc. It was especially important that some such charge should have been given in view of the fact that the trial court in the third paragraph of his charge had directed a finding in favor of appellant for injuries received by the tents while they were in appellee Clayton's possession, without further directing them as to the injuries received at Canyon City, when the large tent, at least, was not in his possession. While this charge of itself might not be affirmatively erroneous or work a reversal of the case, the omission referred to emphasizes the necessity for giving the requested charge.

There was no error in placing the burden of proof on the plaintiff to establish its case by a preponderance of the evidence. It may be that proof by it that the tents were delivered to appellee in good condition and returned in a damaged condition would meet this requirement and authorize a verdict in the absence of rebutting evidence, but it does not follow from this that the court should instruct the jury that such proof upon the part of the plaintiff established a *prima facie* case and called for an explanation at the hands of defendant. Such would have been the effect of appellant's requested charge upon the burden of proof.

We feel constrained, also, to reverse the case for the insufficiency of the evidence to support the verdict upon the issue of delay in returning the tents and return freight charges. It is undisputed that there was a great and unnecessary delay in returning appellant's tents after the use for which they were hired, and it is practically undisputed that appellee was to pay the return freight charges. Appellee makes no explanation whatever of the delay in returning

the tents, and none of the failure to pay the return freights, save that he denies he was to pay the same, but understood that the committee for whom he acted had arranged with the railroad company for the freights. Appellant requests us to render the judgment in its favor upon these items, but in view of appellee Clayton's probable right to recover over against his codefendants, in whose behalf he appears to have been acting as an accommodation, we have decided that it is our duty to remand the cause as to all parties.

The question of the misconduct of the jury can hardly arise upon another trial and need not be discussed.

*Reversed and remanded.*

Conner, Chief Justice, not sitting.