## J. C. SOWERS v. J. W. YEOMAN.

Decided June 18, 1910.

### 1.—Practice on Appeal—Action on Demurrers—Defective Record.

In the absence of anything in the record to show that the trial court in fact acted on special and general demurrers to plaintiff's petition, an appellate court can not consider an assignment of error based upon such alleged action, except to see whether the petition be subject to a general demurrer.

### 2.—Foreign Judgment—Action Upon—Defense.

In a suit upon a foreign judgment, an answer which alleged, in substance, that at the time said judgment was rendered defendant was not a resident of the State where it was rendered; that he had not authorized any appearance for him in said suit; that the judgment had been fraudulently procured; that defendant was not served with citation or other notice of said suit; that he had no notice of any nature whatever of the pendency of the same and that said judgment was therefore void, presents a good defense and would not be subject to general demurrer.

### 3.—Trial—Judgment on Demurrer—Record of Action—Bill of Exception Insufficient.

Rulings upon demurrers involve judicial functions; they are the acts of the court as distinguished from those of the judge, and can be evidenced only by a judgment entry. A recital in a bill of exception that a demurrer to de-

fendant's answer was sustained is not sufficient for an appellate court to act upon.

Appeal from the County Court of Collingsworth County. Tried below before Hon. J. K. Duke.

*Reynolds & Templeton,* for appellant.

*J. L. Lackey* and *Theodore Mack,* for appellee.

CONNER, Chief Justice.—Appellee instituted this suit upon a foreign judgment rendered against appellant in a District Court of Oklahoma in favor of the St. Paul Fire & Marine Insurance Company for the sum of two hundred and three dollars and ten cents, of which appellee later became the owner. Appellant answered, among other things, that at the time of the rendition of the judgment and for several years prior thereto he had been a non-resident of Oklahoma; that he had not authorized any appearance for him in said suit; that the said judgment had been fraudulently procured; and that "he, the said defendant, was not served with citation or other notice of said suit; and that he had no notice of the pendency of said suit of any nature whatever; and that the said pretended judgment, if any, is therefore void as against this defendant and of no effect in law whatever." The trial resulted in a verdict and judgment in accordance with a peremptory instruction to find for appellee for the full amount claimed by the plaintiff in the suit.

There is no statement of facts, in the absence of which the only assignments of error that we could in any event consider are appellant's first and second assignments questioning the court's action, or alleged action, upon the several demurrers presented by the parties.

It is first insisted that the court erred in overruling appellant's general and special demurrers to plaintiff's petition, but the record fails to show that the court acted thereon, and we can not therefore consider the assignment further than to look to the plaintiff's petition to see whether it be subject to a general demurrer. This we have done, and conclude that appellee's petition is good as against a general demurrer.

It is next urged that the court erred in sustaining appellee's demurrer to appellant's answer. The answer above stated appears to be good in a suit upon a foreign judgment and not subject to demurrer. See Norwood v. Cobb, 15 Texas, 500; Redus v. Burnett, 59 Texas, 576; Easley v. McClinton, 33 Texas, 288. While, as before stated, the court's judgment fails to disclose any action upon the demurrer, the contention seems to be supported by an explanation made by the judge to a bill of exceptions taken by appellant to the action of the court in giving the peremptory charge above noted. The bill was signed and filed some eight days after the adjournment of the term during which the case was tried and has appended thereto the following, signed by the judge: "Plaintiff's demurrer to defendant's answer was sustained and defendant re-

fused to amend, no proof was offered by defendant and there was nothing for the jury to try, but as the jury were sworn in the case, a peremptory charge was given."

The question hence arises whether we can accept the statement of the judge as establishing the fact upon which appellant's assignments rest. Revised Statutes, article 1360, provides that: "Whenever, in the progress of a cause, either party is dissatisfied with any ruling, opinion or other action of the court, he may except thereto at the time the same is made or announced, and at his request time shall be given to embody such exception in a written bill." While the language of article 1360 is very general, we think it could hardly have been the legislative intent to thereby authorize the preservation of the court's judgments by a bill of exceptions. Rulings upon demurrers to pleadings evidently involve judicial functions. They are acts of the court as contradistinguished from those of the judge, and the court's action should be evidenced by a judgment. 31 Cyc., p. 345, paragraph K. Article 1120, Revised Statutes, provides that: "The minutes of the proceedings of each preceding day of the session shall be read in open court on the morning of the succeeding day; except on the last day of the session, on which day they shall be read and, if necessary, corrected and signed in open court by the judge." This statute evidently has no reference to bills of exceptions, for by statute not necessary to here refer to these may be made up and filed long after the adjournment of the term. The court's ruling upon demurrers frequently amounts to a final disposition of the case, and it will not do to say that a bill of exception may supply that which should be shown by formal entry upon the minutes of the court and duly read and signed by the court, as the statute provides. "The office of the bill of exceptions," says our Supreme Court in the case of Owens v. Missouri Pac. Ry. Co., 67 Texas, 683, "is to show the proceedings of the court which do not otherwise appear of record," such as rulings upon application for continuance, or upon objection to evidence, etc. Proceedings which the law or practice of the court requires to be enrolled, constitute and form a part of the record by the common law without the necessity of making such proceedings part of the record by bill of exceptions. See 2 Cyc., p. 1053, paragraph B; Words and Phrases, p. 6008. In the case of Davis v. Louisville & N. R. R. Co., 18 So., 687, the. Supreme Court of Alabama held that a bill of exception could not supply the place of the court's judgment in ruling upon a motion, in the nature of a demurrer, to strike out certain pleadings. To the same general effect is the case of Petty v. Dill, 53 Ala., 641.

We conclude that we can not accept the judge's statement in explanation of the bill for that which the record should otherwise show, and that, hence, appellant's assignments must be overruled and the judgment affirmed. Inasmuch, however, as the question of practice involved does not seem to have been heretofore decided in this State, we conclude that appellee's motion to affirm with ten per cent damages should be denied. Judgment affirmed without damages.

*Affirmed.*