BOAZ et al. v. FERRELL et al.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 2, 1912. Rehearing Denied Dec. 21, 1912.)

1. COUNTIES (§ 213*)—ACTION—CAPACITY TO BE SUED.

Under Rev. St. 1895, art. 789, which declares counties to be bodies corporate and political, and article 790, which provides that no county shall be sued, unless the claim upon which such suit is founded has been presented to the commissioners' court for allowance, and such court shall have neglected or refused to audit and allow it, a county against which any liability exists may be sued after the claim has been presented and litigated.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 342, 343; Dec. Dig. § 213.*]

2. COUNTIES (§ 146*)—TORTS—ACTS OF OFFICERS OR AGENTS.

Counties are not liable for the mere neglect or wrong of their officers, unless made so by statute.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 212; Dec. Dig. § 146.*]

3. PLEADING (§ 214*) — DEMURRER — ADMISSIONS.

The allegations of a petition must be accepted as true on demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

4. CONFUSION OF GOODS (§ 7*)—RIGHTS OF OWNERS.

Where a collector of state and county taxes commingled the tax money belonging to the state and county, whether regarded as a trust fund or as a fund jointly owned by the state and county, either the state or county, if without fault, might sue for a recovery in proportion to its interest.

[Ed. Note.—For other cases, see Confusion of Goods, Cent. Dig. §§ 5–10; Dec. Dig. § 7.*]

5. SUBROGATION (§ 7*) — SUBROGATION TO RIGHTS OF CREDITORS—SURETIES OF PUBLIC OFFICERS.

Where collected tax money belonging to the state and to a county was commingled by the collector, and in part embezzled, and the balance paid to the county, the sureties on the collector's bond to the state, after payment to the state under the terms of the bond, were subrogated to the state's rights, as against the county and the sureties on the collector's county bond.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 17, 18, 21–23, 25–28; Dec. Dig. § 7.*]

6. PRINCIPAL AND AGENT (§ 159*)—WRONGFUL ACTS—RIGHTS OF PRINCIPAL.

A tax collector, for whom plaintiffs were sureties on his bond to the state, was not their agent in the sense so as to make them liable for his wrongs, save as made so by the terms of their bond, nor their agent so as to bar an action for his wrong.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 599–613; Dec. Dig. § 159.*]

7. PLEADING (§ 34*) — CONSTRUCTION — INTENDMENTS.

All reasonable intendments are to be indulged in aid of a petition rather than against it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 66–75; Dec. Dig. § 34.*]

8. TRUSTS (§ 371*) — FOLLOWING TRUST FUNDS—PETITION—NOTICE TO THIRD PERSON.

A petition, in an action by sureties on a tax collector's bond to the state, after payment to the state and subrogation to the rights of the state, as against a county to whom the tax money in the hands of the collector as a trust fund had been paid, could not be held insufficient because it did not state the county's want of notice, since such want of notice was a matter of defense.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 588–599; Dec. Dig. § 371.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**9. TRUSTS (§ 357\*) — FOLLOWING TRUST FUNDS—PURCHASER'S NOTICE.**

Where a tax collector wrongfully commingled tax money belonging to the county with that of the state, and embezzled part of it, and paid the balance to the county, which appropriated it to its own benefit, without being led to act to its prejudice, its want of notice was no defense to an action by the sureties on the collector's bond to the state, brought after payment of such bond and subrogation to the rights of the state.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 539–552; Dec. Dig. § 357.\*]

Appeal from District Court, Jones County; J. O. P. Dickson, Judge.

Action by Edgar Boaz and others against N. G. Ferrell and others. Judgment for plaintiffs against Ferrell, and judgment for the other defendants, and plaintiffs appeal. Reversed and remanded as to all parties except Ferrell.

Walter S. Pope, of Anson, and S. P. Hardwicke and Harry Tom King, both of Abilene, for appellants. H. G. McConnell, of Haskell, and Clint Chambers, Chapman & Coombes, and Brooks & Brooks, all of Anson, for appellees.

CONNER, C. J. In November, 1908, N. G. Ferrell qualified as the duly elected sheriff and ex officio tax collector of Jones county, and appellants became the sureties on his bond, payable to the Governor, conditioned that Ferrell should faithfully perform his duties as collector of state taxes. At about the same time the appellees, other than Jones county, became the sureties on Ferrell's bond, payable to the county judge, conditioned for the faithful performance of his duties as collector of the county taxes. This suit was instituted by appellants, the sureties upon said state bond, against Ferrell, Jones county, and said sureties on said county bond to recover certain alleged state taxes that it was charged Ferrell had paid to Jones county in violation of his duty as collector of state taxes. The substance of appellants' petition, so far as necessary to state, is that during the term of office to which Ferrell had been so elected, and during the operation of the several bonds referred to, he had collected of both state and county taxes the aggregate sum of $15,111.14, of which the sum of $6,465.65 was justly payable to the state of Texas, and the sum of $8,645.49 was justly payable to Jones county; that said state and county taxes so collected had been by said Ferrell wrongfully commingled and confused to such an extent and in such a way as to entirely destroy the identity of the several funds, rendering distinction between them impossible; that while said state and county taxes were in the commingled and confused condition stated the said Ferrell wrongfully embezzled thereof and appropriated to his own use the amount he should have returned and paid to the state

of Texas, to wit, the sum of $6,465.65, and which appellants were later required to make good agreeably to the terms of the said bond to the state; that the remainder of said commingled funds, viz., $8,645.49, was by said Ferrell paid to Jones county, and which Jones county received and appropriated to its own use and benefit. Appellants alleged that of the commingled fund of $8,645.49 not embezzled by Ferrell and so received and appropriated by Jones county, the state, and through it appellants, was entitled to its proportionate part, and this appellants sought to recover of Ferrell (alleged to be insolvent) and Jones county, and, in the alternative, of said sureties on Ferrell's bond to the county. It was further alleged that said claim had been duly presented to the county commissioners' court of Jones county for allowance, but that the same had been by said court rejected.

Judgment by default was rendered against Ferrell; but the court sustained general demurrers to appellants' petition in favor of the remaining defendants, and, plaintiffs having declined to amend, judgment was entered that Jones county and the other appellees be discharged.

It is not alleged that the appellees, who are sureties on the bond given by Ferrell to secure the payment of county taxes, received any part of the fund in controversy, or that they advised or induced its payment to Jones county, or, indeed, had any notice thereof; and it is clear that there is no privity of contract between them and appellants. We therefore strongly incline to the opinion that the general demurrer as to the surety appellees was properly sustained. We think, however, that we need not now discuss or formally determine this question, inasmuch as we have concluded that appellants exhibit a cause of action against Jones county; and it is only in event of a failure in this respect that any recovery against the surety appellees is sought.

[1] Appellee Jones county insists that the demurrer was properly sustained as to it, for the reason that the act complained of was a wrong or tort of Ferrell's for which it is not liable, and that, in the absence of any contractual obligation on its part or statutory authority, none being alleged, the county cannot be sued, citing, among others, Heigel v. Wichita County, 84 Tex. 392, 19 S. W. 562, 31 Am. St. Rep. 63, and Nussbaum v. Bell County, 97 Tex. 86, 76 S. W. 430. The cases referred to discuss the question of the county's liability under similar circumstances, rather than the abstract capacity of the county to be sued, and we think a distinction is to be made between the questions. In other words, if, under the circumstances alleged, Jones county is liable to appellants for any amount conformably to general principles of law, then we think no

\*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

doubt is to be entertained but that the county may be sued. Revised Statutes, art. 789, declares counties to be bodies corporate and politic; and the next article (790) provides that no county shall be sued, unless the claim upon which such suit is founded shall have first been presented to the county commissioners' court for allowance, and such court shall have neglected or refused to audit and allow the same, or any part thereof. Thus implying, as we think, that where a liability exists, and the claim has been so presented and rejected, that the county may be sued; and we have been cited to no Texas case in which a liability on the part of the county has been admitted and the action denied for want of statutory authority to sue.

[2] We think, therefore, as indicated, that the material question before us is really one of liability vel non, and in determining this we do not construe appellants' petition as predicating a right of action upon the wrong or tort of Ferrell's in embezzling taxes as alleged; for the authorities cited by appellees, for reasons well stated therein, and which need not be here repeated, are undoubtedly to the effect that counties are not liable for the mere neglect or wrong of its officers, unless made so by statute; and it cannot be contended that we have a statute making Jones county liable for Ferrell's embezzlement as such. The wrong of Ferrell, however, we think, was rather the occasion that gave rise to the cause of action than the cause of action itself.

[3, 4] If the allegations of appellants' petition are true, and they must be so accepted for the purposes of the demurrer, the confused mass of the collected tax moneys belonged, not to Ferrell, but to the state and county; and, whether the fund be treated as a trust fund or as merely one jointly owned by the state and county, both would undoubtedly have had the right to sue for and recover the same in proportion to their several interests, as against any persons willfully detaining the moneys. In other words, in the hands of any depository the taxes constituted joint or trust funds, which, having become confused without fault of the cestuis que trust or real owners would be duly apportioned between such owners by courts of equity. See the following decisions where the principle has been recognized or applied in cases of the confusion of cattle, grain, and other species of personal property, including moneys: Hill v. Fleming, 128 Ky. 201, 107 S. W. 764, 16 Ann. Cas. 840; Fidelity & Deposit Co. v. Jordan, 134, N. C. 236, 46 S. E. 496; Belcher v. Cassidy Bros. Live Stock Commission Co., 26 Tex. Civ. App. 60, 62 S. W. 924; First Nat. Bank v. Scott, 36 Neb. 607, 54 N. W. 987; Kaufmann v. Schilling, 58 Mo. 218; Gates v. Rifle Boom Co., 70 Mich. 309, 38 N. W. 245; Martin v. Mason, 78 Me. 452, 7 Atl. 11;

Stone v. Quaal, 36 Minn. 46, 29 N. W. 326. Such right of recovery on the part of the joint owners would, we think, extend to every part of the fund, so long as any part of it was traceable; and where the whole or any part is traced to the possession of one of the joint owners the other may sue him and recover his aliquot part. Thus, in Martin v. Mason, supra, where two persons owned logs of the same kind, quality, and value, and bearing the same mark, and where such logs became intermixed in part without the fault of either party, and one of them reduced the confused mass to lumber, it was said that if the one reducing the logs to lumber converted such lumber to his own use the other would be entitled to recover from him his proportionate part.

[5] It follows, we think, that if the state of Texas had a right to participate in the confused tax funds, and to pursue it in the possession of Jones county, that appellants became subrogated to the state's right by reason of the payment required of them under the terms of their bond, on the familiar principle that where a surety pays a debt of his principal the surety is entitled, on equitable principles, to all the securities and rights of the creditor. This principle was applied in the case of Hill v. Fleming, above, where the circumstances are in nature somewhat similar to those here alleged. There it was held that the surety on the deputy sheriff's bond, who had made good embezzled tax money, had the right to recover of one shown to have received payment of a debt of such deputy out of the tax money so embezzled. See, also, Fidelity & Deposit Co. v. Jordan, above, where this principle is clearly recognized, though the circumstances did not require its application.

Possibly this opinion should not be extended, but we will briefly notice two other contentions urged in behalf of appellees.

[6] It is insisted that Ferrell was the agent of appellants, for whose wrong they cannot recover; but it seems clear that Ferrell was not an agent of appellants in the sense that they are liable for his wrongs, save as made so by the terms of their bond to the state. Moreover, as before observed, appellants' action is not proximately one for damage because of Ferrell's wrong, but is instead one to recover of Jones county the state's proportionate part of a joint or trust fund alleged to have been received and used by the county.

[7, 8] It is further insisted that without notice to Jones county of the character of the fund received no liability can exist. It would, perhaps, be sufficient to say that if the contention should be conceded the want of notice does not appear on the face of the petition. The petition is merely silent on the subject. The want of notice, if any, is in its very nature defensive, and all reasonable intendments are to be indulged in aid

of the petition rather than against it. Under the circumstances alleged, therefore, we in no event would be warranted in declaring the petition insufficient on this ground. But we do not care to rest our ruling alone upon the reasoning stated; for, while there are cases where an innocent holder of confused goods, without notice and for value, would undoubtedly be protected, we do not think this one of them.

[9] By the averments of the petition Jones county actually received and appropriated to its own benefit certain funds in which the state owned part, and in which appellants exhibit an equitable right to participate; and nothing appears to indicate that in so receiving such money Jones county was thereby led to alter its situation or otherwise act to its prejudice. Thus, in Williams v. Manufacturers' Nat. Bank, 68 Md. 236, 11 Atl. 835, where a trustee paid with trust money a debt which he owed in another capacity, it was held that the creditor receiving such payment was liable to the trust estate for the amount thereof, and that it was immaterial whether or not he had notice that the trustee was thus misappropriating the trust fund. So, also, in the case of State of Texas v. Middleton's Sureties, 57 Tex. 185, where the Comptroller appropriated taxes collected during one term of office in liquidation of a deficiency occurring in a previous term, it was held that the Comptroller could not so apply the money as against the sureties on the tax collector's bond for the term during which the taxes were collected, and that it was immaterial that the Comptroller was ignorant of the source from which the funds had been received.

We conclude that the court erred in sustaining the general demurrer of appellee Jones county; and it is accordingly ordered that the judgment be reversed and the cause remanded as to all parties except Ferrell, who has not appealed.