WIGGINS et al. v. FIRST NAT. BANK OF DENTON. (No. 8125.)

(Court of Civil Appeals of Texas. Ft. Worth. March 13, 1915. Rehearing Denied April 17, 1915.)

1. APPEAL AND ERROR ☞916—PRESUMPTIONS—PLEADING TO SUPPORT JUDGMENT.

Rev. St. 1911, art. 1812, provides that civil suits shall be commenced by petition, and article 2157 et. seq. prescribes the manner of supplying necessary pleadings lost at the time of rendering judgment. The original transcript on appeal contained no pleading, but contained the clerk's recital that the pleadings had been lost, which, on motion, was stricken, and a supplemental transcript contained what was certified as a correct and true copy of the original petition, not shown to have been before the court at its rendition of judgment, but which was sufficient in terms to support the judgment. *Held*, that it would be assumed that the court below had the petition before it when it rendered judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3699–3705; Dec. Dig. ☞916.]

2. APPEAL AND ERROR ☞916 — BURDEN OF PROOF—ABSENCE OF PLEADING TO SUPPORT JUDGMENT.

Appellant, complaining of the absence of any petition to support the judgment rendered for plaintiff, had the burden of establishing the fact upon which he relied to show the error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3699–3705; Dec. Dig. ☞916.]

3. PLEADING ☞406—OBJECTIONS—WAIVER—JUDGMENT BY CONFESSION—EFFECT.

A judgment reciting an appearance of defendant and his withdrawal of his answer is in the nature of a judgment by confession, and operates as a waiver of all errors not fundamental or jurisdictional; and an objection merely that the trial court at the time of rendition of the judgment did not have before him a pleading sufficient to support the judgment was not jurisdictional, but amounted to more than a mere irregularity.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1355–1359, 1361–1365, 1367–1374, 1386; Dec. Dig. ☞406.]

Error from District Court, Tarrant County; Marvin H. Brown, Judge.

Action by the First National Bank of Denton against John L. Wiggins and others. Judgment for plaintiff, and defendants bring error. Affirmed.

H. R. Bondies, of Sweetwater, for plaintiffs in error. Slay & Simon, of Ft. Worth, for defendant in error.

CONNER, C. J. Plaintiffs in error, John L. Wiggins and others, complain of a judgment against them in favor of the First National Bank of Denton, defendant in error, for the sum of $579.80.

The judgment complained of reads:

"First National Bank of Denton v. John L. Wiggins et al. No. 36032.

"Judgment. May 9, A. D. 1914.

"On this day came on to be heard the above numbered and entitled cause, and plaintiff appeared by attorney and announced ready for trial, and defendants, though duly cited, failed to appear, but wholly made default, having withdrawn their appearance and answer heretofore filed in said cause; and, it appearing to the court that plaintiff's cause of action liquidated and proven by an instrument in writing, and that plaintiff is entitled to recover of and from defendants, jointly and severally, the sum of $579.90:

"It is therefore ordered and decreed that plaintiff, First National Bank of Denton, a banking corporation, do have and recover of and from the defendants, John L. Wiggins, R. L. McCaulley, Thos. Trammell, and Thos. F. Hodge, jointly and severally, the sum of $579.80, with interest thereon at the rate of 10 per cent. per annum from this date, together with its costs in this behalf expended, for which let execution issue."

[1, 2] But two assignments of error are presented. The first—and the second is substantially the same—is that "the court erred in rendering judgment in favor of the plaintiff and against the defendants without proper pleadings then before it to sustain the same"; the proposition being that "the court is without power to proceed in a case and to render judgment in favor of the plaintiff where the petition is lost until such pleading is properly substituted."

Revised Statutes 1911, art. 1812, provides that:

"All civil suits in the district and county courts shall be commenced by petition filed in the office of the clerk of such court."

It will be thus seen that in our practice the foundation of every civil suit is the filing of a petition, from which it would seem to necessarily follow that no judgment should

be rendered in any civil case in the courts named except upon petition which had theretofore been duly filed. See Montgomery v. Barnett, 8 Tex. 143; Watson v. Miller Bros., 69 Tex. 175, 5 S. W. 680; Crosby v. Di Palma, 141 S. W. 321. In cases provided for by our statute where judgment is rendered upon confession, it is necessary that the petition shall be "sworn to by the person in whose favor the judgment is confessed." Revised Statutes 1911, art. 2007. A further inference is that in any such case the petition should be before the court at the time of the rendition of the judgment, to the end that the court may see that the relief afforded is supported by the pleadings. Should it happen in any case that any necessary pleading is "lost" at the time of the rendition of the judgment, it may be supplied in the manner pointed out by the statutes by either party on motion before the court upon three days' notice to the adverse party or his attorney. See Revised Statutes 1911, art. 2157 et seq. So that we would feel little or no hesitation in reversing the judgment under consideration, if, from the record, plaintiffs in error's assignments and proposition were sufficiently supported.

As originally filed in this court, the transcript contained no pleading of any character, but had a recitation by the clerk styled a "preamble" which reads:

"The pleadings and citations in this cause have been lost and inaccessible for any purpose whatsoever since prior to May 9, 1914, and were not available, but were lost when judgment was rendered herein; and, after diligent search and inquiry made of counsel, the only papers which can be found are those following, to wit."

It is this recitation upon which evidently the original complaint of the judgment rested. But, upon motion duly filed by appellee on a former day of this court, the recitation was ordered to be stricken from the record; we being of opinion that the facts recited could not be so shown here. At a later date appellee filed its motion for certiorari to correct the record, which was granted. The corrected record or supplemental transcript contains what the clerk certifies to be "a true and correct copy of plaintiff's original petition as the same appears on file in my said office." Plaintiff in error objected to this copy on the ground that no file marks appeared thereon, and there was nothing in the additional transcript to show that it had been present at the time of the rendition of the judgment herein. But we were of opinion that the failure of the clerk in making the transcript to indorse upon the margin the style of the pleading and the date of the filing constituted mere irregularities, and that, in the absence of a showing to the contrary, we must assume from the clerk's certificate that the original petition appeared on file in his office. The objections to the supplemental transcript were therefore overruled, and its filing granted as before stated.

The original petition presented in the supplemental transcript is sufficient in terms to support the judgment rendered, and there is no contention to the contrary made. It is true that nothing upon the face of the petition or of the judgment shows that the court had before him the petition at the time judgment was rendered; yet, in the absence of a legal showing to the contrary, we think we must assume that the court below had the petition before him at the time, the very familiar rule being that all presumptions will be indulged in favor of the right action of the court; and this is particularly true, we think, where, as here, the burden is upon the party complaining to establish the fact upon which he relies to show the error. Laird v. State, 15 Tex. 317; Lindly v. Lindly, 102 Tex. 143, 113 S. W. 750; Arnold v. Hockney Bros., 51 Tex. 46.

[3] Judgments reciting, as here, an appearance on the part of defendants and a withdrawal by them of their answer are in the nature of judgments by confession, and operate as a waiver of all errors not fundamental or jurisdictional in character. Reese v. Medlock, 27 Tex. 121, 84 Am. Dec. 611; Janson v. Bank of Republic, 48 Tex. 599. And a complaint, as here, not that there was no sufficient pleading in existence upon which a judgment could rest, but merely that the trial court at the time of the rendition of the judgment did not have such pleading before him, certainly cannot be held to be jurisdictional. As indicated, such practice ought by no means to be followed, but it may be well doubted whether it amounts to more than a mere irregularity.

We conclude that plaintiffs in error's assignments of error must be overruled, and the judgment affirmed.