**JONES et ux. v. EL PASO BITULITHIC CO.**
(No. 1388.)

(Court of Civil Appeals of Texas. El Paso.
Dec. 14, 1922.)

**1. Homestead ⊚⟶146—Property held exempt as homestead from sale to pay paving assessments.**

Where a widow and her children owned and lived on land, which had been the property of the widow's husband, and after the widow remarried, she and her second husband continued to live on the land, a conveyance by the widow against the protest of her second husband while he was temporarily living apart from her, but contributing to her support, did not divest the widow of title, and the homestead in the land rendered invalid a lien founded on an assessment for paving an adjoining street.

**2. Estoppel ⊚⟶25—Owner of land not estopped by deed to claim homestead.**

Where a wife whose husband was temporarily living apart from her executed a deed to land contrary to her husband's wishes, and the deed, which was duly recorded, referred to her as a married woman, a contractor, who knew that the husband and his wife lived on the land, and that the husband protested against paving an adjoining street, could not rely on an estoppel of the husband and wife to claim title and a homestead against foreclosure of a lien for the paving.

**3. Municipal corporations ⊚⟶586—Coverture does not relieve from personal liability for special assessments for public improvements.**

Where a city charter imposes a person liability on owners of abutting property for public improvements, coverture does not relieve a married woman from such liability.

**4. Municipal corporations ⊚⟶586—Husband not personally liable for special assessments against land of wife.**

Where a city charter imposed a personal liability on the owners of abutting property for public improvements, a husband of a wife who inherited land from her former husband is not personally liable for an assessment on such land for street paving.

**5. Municipal corporations ⊚⟶586—Property owner not personally liable for special assessments on land alleged to belong to another in suit to foreclose lien.**

Where a married woman conveyed land by a deed which was ineffective to pass title, because of the refusal of her husband to join in a suit by a contractor to foreclose a lien for paving assessments, in which the petition alleged title to be in the grantee in her deed, the woman was not personally liable, regardless of a provision of a city charter imposing a personal liability on abutting property owners for public improvements.

**6. Municipal corporations ⊚⟶443 — Statutory provisions must be followed in imposing special assessments.**

Statutory provisions for the imposition of special assessments for local improvements must be followed, since any substantial departure therefrom vitiates the proceedings.

Error from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by the El Paso Bitulithic Company against C. F. Jones and others. From judgment for plaintiff as against Mr. and Mrs. C. F. Jones, the named defendants bring error. Reversed and rendered.

Neill, Armstrong & Morrow, of El Paso, for plaintiffs in error.

R. M. Reed, of El Paso, for defendant in error.

## Statement of Case.

HIGGINS, J. [1] The El Paso Bitulithic Company filed this suit on December 8, 1920, against C. T. Kinne and C. F. Jones and wife to recover the sum of $235.35, due upon a paving assessment certificate and for foreclosure of lien securing the same on lots 1 and 2 and the west 10 feet of lot 3 in block 3 of the East El Paso addition to the city of El Paso.

Briefly stated, the allegations of the petition, material to a consideration of the questions presented, are that on January 22, 1920, the El Paso city council, by formal vote determined to pave the street upon which said premises abutted; that the council by resolution declared such paving necessary for the public interest, and caused an estimate of the probable cost to be made by the city engineer, who thereafter reported the estimate to the city council, with a list and description of the premises abutting on the proposed pavement and the names of the owners thereof, so far as known; that the premises above described are now owned by the defendants, and abutting upon said street, and after the receipt of the engineer's report the city council gave notice by publication to all persons interested, and in pursuance of the notice the city council met to hear objections urged against the assessment, and defendant Kinne, then owner of said lots, failed to appear or urge any objection, and on April 29, 1920, the city council levied an assessment of $235.35 against said lots and the owner thereof, according to the front-foot rule or plan, and thereafter the council awarded to the plaintiff the contract for such pavement, and the same was paved by plaintiff and accepted by the city and a lien fixed against the lots to secure the payment of said assessment, title to which lots at the time the assessment and lien was placed against it was in Kinne, but since such time Mr. and Mrs. Jones are making some claim to the property, the nature of which was unknown; that the claim of the city of El Paso for the cost of the pavement and lien securing the same and the paving certificate have been transferred to the plaintiff.

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Kinne was not served with process, and as to him the suit was dismissed. Jones and wife set up a homestead right in the premises for more than 10 years prior to the paving, and that they had notified plaintiff that they did not want the paving in front of their property and would not pay for same, and also filed a general denial.

The case was tried before the court, and judgment rendered against Mr. and Mrs. Jones for the sum of $144.15, with foreclosure of the lien asserted by the plaintiff as it existed on April 29, 1920, against an undivided one-half interest in the above-described lots, and ordered the same sold as under execution. From which judgment Jones and wife prosecute this writ of error.

Findings of fact and conclusions of law were not filed by the trial court, but the material facts are undisputed, and show that on August 6, 1902, John Sneed, for a consideration of $200, conveyed the lots to J. M. Kinne, the former husband of Mrs. Jones. J. M. Kinne died intestate, leaving a surviving wife and three children. In the early part of 1909, and subsequent to the death of her husband, Mrs. Kinne erected a house upon the lots. On May 29, 1909, she married Jones. From that date up to the present time Mr. and Mrs. Jones have resided in the house as their homestead. The evidence, however, discloses that for two or three years prior to 1913 or 1914 Jones remained away from the home and from his wife. His absence was due to the presence there of an objectionable son-in-law, a man who had married the daughter of his wife. Neither of the parties, however, during this period applied for divorce, and it is shown that all during the absence Jones and his wife frequently saw and visited each other at least once a week, and that during all of this time he paid her expenses and contributed to her support. It is plainly apparent that the separation was in no wise permanent and was due solely to the presence of the objectionable son-in-law, and that upon his death, and long prior to 1920, Jones returned and has since lived with his wife upon the property. During his absence from the home, and on October 18, 1911, Mrs. Jones and others conveyed the lots to Clarence T. Kinne for a recited consideration of $1 and other valuable considerations. The deed was duly recorded in El Paso county. The deed contains the following recital:

"Know all men by these presents: That we, Mrs. C. F. Jones, formerly Mrs. J. M. Kinne, the said Mrs. C. F. Jones living separate and apart from her husband, Mr. C. F. Jones, they having separated on June thirtieth (30th) A. D. 1911. * * *"

The deed is not copied in the statement of facts, and the foregoing shows all that is to be gathered therefrom concerning such deed.

It is impossible to determine who the other grantors in this deed were. On June 10, 1920, Clarence T. Kinne reconveyed the property to Mrs. C. F. Jones, reciting a consideration of $10 and other valuable considerations, which deed was duly recorded. Jones testified that he protested against the execution of the deed by his wife to C. T. Kinne, and that no money whatever was paid for the reconveyance by C. T. Kinne to his wife.

## Opinion.

It was agreed that the assessment was duly and legally made in the manner and upon the dates set out in the petition, and the claim transferred by the city to the plaintiff. Under the decision in Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 803, 53 Am. St. Rep. 770, it is well settled that upon the facts here presented the defendant in error had no lien upon the property if it was the homestead of Jones and wife. The defendant in error does not question that view of the law, but asserts that it was an issue of fact whether the property was homestead in character, and that this had been resolved against the Joneses by the court below. We are not advised of the theory upon which the trial court acted, but in our opinion the property was unquestionably impressed with the homestead character, and no lien attached.

There is some confusion in the record title arising out of the execution of the deed by Mrs. Jones and others to C. T. Kinne of date October 18, 1911, but that it was occupied and used by Jones and wife as homestead for a number of years prior to 1920 is not an issuable fact. All of the evidence shows conclusively that it was.

Nor does the deed mentioned affect the question. At the time of Mrs. Kinne's marriage to Jones she owned a one-half interest in the property as her separate estate; the other interest being owned by the children of herself and her deceased husband. The deed which she executed to C. T. Kinne was made while she was married to Jones and he did not join in the conveyance, but protested against it. It therefore passed no title to C. T. Kinne. It is true Jones and wife were living separate and apart at the date of the deed, but he did not completely abandon his wife, and the separation was not of that permanent character which must exist in order to empower the wife to convey without the joinder of her husband. We, therefore, conclude that Mrs. Jones' title was not divested by the deed to C. T. Kinne, and since it was occupied as a home, no lien ever attached to the premises.

[2] In this connection too the defendant in error seems to rely upon an estoppel to assert title and a homestead claim to the premises, but, without reviewing all of the facts in this connection, it is sufficient to say that an estoppel could not arise because the deed upon its face disclosed that Mrs. Jones

was a married woman, and thereby placed the defendant in error upon notice that the deed was ineffective, unless there had been a permanent abandonment and separation, and by inquiry it could readily have ascertained that such a state of facts did not exist. Furthermore, it was admitted by the representative of the defendant in error that he knew Jones and wife lived upon the premises, and before the paving was laid Jones protested against it. There are other considerations which preclude the application of an estoppel against Mrs. Jones to assert their homestead right, but it is not necessary to further consider the matter, as the facts indicated are alone sufficient to foreclose the question.

[3-5] The only remaining question relates to the personal liability of the plaintiffs in error upon the assessment. The charter of the city of El Paso imposes a personal liability to pay special assessments of the character here considered upon the owners of the abutting property, and it has recently been decided by the Supreme Court that coverture does not relieve a married woman from a personal liability so imposed. Spears v. City of San Antonio, 110 Tex. 618, 223 S. W. 166. So far as Mr. Jones is concerned, the evidence shows that he was not the owner, and he was in no wise personally liable. And the petition upon its face shows that Mrs. Jones cannot be held personally liable as the owner because it is distinctly averred in the petition that C. T. Kinne was the owner, and title vested in him at the time of the assessment and the lien fixed. The personal judgment against the plaintiffs in error cannot be sustained in view of these affirmative allegations, which negative their personal liability. Nor can that phase of the case be cured by amendment for all of the proceedings had by the city council in making the assessment and fixing the lien proceeding upon the theory that C. T. Kinne was the owner and the assessment was made against him. It was not made against Mrs. Jones.

[6] It is essential to the validity of special assessment for local improvements that the statutory provisions for their imposition be followed. Any substantial departure therefrom vitiates the proceedings. 25 R. C. L. § 10, p. 94, and authorities cited in note 16. Proceedings directed against C. T. Kinne and an assessment, against him would not impose a personal liability upon Mrs. Jones. Such proceedings clearly would not be a substantial compliance with the charter provisions in order to make a valid assessment against her.

Reversed and rendered.

HARPER, C. J., did not participate in the decision of this case.