## TERRELL et al. v. OTIS ELEVATOR CO. et al. (No. 6868.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 31, 1923. Rehearing Denied Feb. 28, 1923.)

1. **Trial** &#9756;403—Findings and conclusions filed more than 10 days after adjournment for term not considered.

Findings of fact and conclusions of law, filed more than 10 days after court adjourned for the term, cannot be considered for any purpose.

2. **Appeal and error** &#9756;934(2)—Presumptions in favor of right action of trial court, in absence of specific findings.

In the absence of specific findings of fact, the presumptions are in favor of the right action of the trial court, whose judgment should be affirmed.

3. **Landlord and tenant** &#9756;152(6)—Landlord held liable for repairs to elevators, though not notified by tenant before contracting for them.

Where a lease requiring that repairs be paid for by the owner was silent as to who should determine the necessity therefor or have them done, and as to whether the tenant should give the owner notice before contracting for them, and there was evidence that it was the custom for the tenant to have repairs made without consulting the owner, who acquiesced therein by paying the bills without protest, the latter was liable for necessary repairs to elevators at a reasonable price, though not consulted or notified by the tenant before contracting for them.

Appeal from Bexar County Court; McCollum Burnett, Special Judge.

Action by the Otis Elevator Company against the Peck Furniture Company, which impleaded J. O. Terrell and others, as executors of an estate. From a judgment against the executors, they appeal. Affirmed.

Terrell, Davis, Huff & McMillan and Joseph Ryan, all of San Antonio, for appellants.

Arnold & Cozby, of San Antonio, for appellees.

SMITH, J. The Peck Furniture Company conducted a furniture business in a three-

story building owned by an estate of which appellants were executors, under a lease contract which by renewal had been in force a number of years. Under the terms of this contract repairs to the building, with certain exceptions, were to be paid for by the owners, while the tenant was required to "take care of said leased premises and all machinery and appliances therein." The three floors in the building were connected by electrically operated passenger and freight elevators, which were essential to the tenant in conducting his business. In the late winter and spring of 1920 the tenant employed the Otis Elevator Company to make certain repairs to these elevators, and after these repairs were completed the latter sued the furniture company for the amount of the bill, and the latter in turn impleaded the executors of the estate to which the building belonged. In this way the question of responsibility for the repair bill was raised, and upon a trial judgment was rendered against the executors, who have appealed.

[1] The record contains written findings of fact and conclusions of law, but, as they were filed more than 10 days after court adjourned for the term, they cannot be considered here for any purpose. Wandry v. Williams, 103 Tex. 91, 124 S. W. 85; Bliss v. School Board (Tex. Civ. App.) 173 S. W. 1176; Railway v. Mudd (Tex. Civ. App.) 179 S. W. 686.

[2, 3] It is undisputed that the repairs made, if necessary, were of the nature to be paid for by the owner. It also appears that the tenant had the repairs made without consulting or notifying the owners, or their agents, who were thus deprived of an opportunity of passing upon the necessity of the repairs or the extent thereof, or of having them made by contractors of their own selection, or to bargain as to the price or terms of the work or the materials to be used. There was evidence that the repairs were necessary, creating an emergency requiring prompt attention, and that the prices charged were reasonable. Appellant's only assignment of error is that—

"The court erred in its judgment in this case because the evidence shows without dispute or contradiction that the repairs for which the Berliner and Simms estates were held liable were made by the tenant without notice to any representative of said estate, and without allowing any one on their behalf to pass on the necessity for said repairs, the extent thereof, or the party who should make same, despite the fact that representatives of both estates were available, and notice could have been quickly and easily given."

The contract was silent as to who should determine the necessity for repairs, or who should have them done, and as to whether or not the tenant should give the landlord notice before contracting for them. It was in evidence that it had been the custom under this lease for the tenant, without consulting the owner, to have repairs made whenever in his judgment he deemed them necessary, and the landlord had in all such cases paid the bills without protest or complaint, thus acquiescing in that course of dealing with the matter. In view of these facts, and of the presumptions arising in favor of the right action of the trial court, in the absence of specific findings, we think the judgment should be affirmed. The landlord had the power to contract against the contingency he complains of, but did not do so. He had for years left to the tenant the matter of determining what repairs were necessary, and of contracting therefor without consulting him. If the tenant was led by this course into making the repairs in question, showing them to have been necessary and made for a reasonable price, the liability of the landlord thus became fixed.

By so holding we do not mean to accede to the contention that as a rule a tenant may proceed to bind his landlord to the cost of all repairs a tenant may have done, without notice to the owner. We think appellant correctly states the general rule, but the facts stated take this case out of that rule.

The judgment is affirmed.