BALLARD et al. v. FARMERS' & MERCHANTS' BANK OF CEDAR HILL. (No. 8806.)

(Court of Civil Appeals of Texas. Dallas. April 14, 1923. Rehearing Denied May 12, 1923.)

1. Appeal and error ⬅️544(2)—Appellate court cannot go beyond jury's verdict, in absence of statement of facts.

In the absence of a statement of facts, the appellate court cannot go beyond the jury's verdict.

2. Appeal and error ⬅️544(1)—Error in overruling exceptions to portions of petition not considered, in absence of statement of facts.

On appeal by a bank cashier from a judgment vesting title to land alleged to have been purchased by him with money held in trust for the bank, the overruling of exceptions to portions of the bank's petition, alleging the use of other money belonging to or held in trust by the bank in the organization of other business concerns by appellant while cashier, cannot be considered, in the absence of a statement of facts; such ruling not being reversible error, if no other verdict could have been rendered under the facts before the jury.

Appeal from District Court, Dallas County; Kenneth Force, Judge.

Suit by the Farmers' & Merchants' Bank of Cedar Hill against Johnnie K. Ballard and husband, in which M. O. Durrett, as receiver of plaintiff, intervened. Judgment for plaintiff and intervener, and defendants appeal. Affirmed.

W. H. Graham, of Dallas, for appellants.

U. F. Short and J. H. Synnott, both of Dallas, for appellee.

JONES, C. J. Appellee filed this suit in the district court of Dallas county to recover title and possession of a certain parcel of land located in the city of Dallas. In its petition it styled itself a joint-stock association, composed of a number of persons, and named in the petition all of the persons who owned stock therein. E. F. Ballard and Johnnie K. Ballard, defendants in the suit below and appellants in this court, are husband and wife, and for some years have been living on the land in question as their homestead.

The parcel of land in question was purchased on the 16th day of November, 1915, for the recited consideration of $4,600; the sum of $600 being paid in cash, and the remainder being by the assumption of outstanding indebtedness against the land. The deed was taken in the name of the wife, Johnnie K. Ballard, though none of her separate funds were used in making any of the payments on the land. Subsequently, Ballard paid one note for $1,250 against the land. So far as the record shows, none of the other indebtedness had been discharged by appellants.

Appellee's cause of action is based on the allegations that appellant E. F. Ballard was employed by the stockholders of the bank as cashier and bookkeeper and, as remuneration therefor, was to receive one-half of the net profits of the bank, and sustained this relation until the affairs of the bank were taken over by a receiver under appointment by a court of competent jurisdiction, that he was not a stockholder, and that he sustained only the relation to the bank above stated. It was alleged that Ballard had full charge and control of the bank and its entire management; that during the years he was in such control of the bank he wrongfully appropriated to his own use all of the credits and deposits of the bank. It was further alleged that all of the money used by Ballard, in the cash payment of $600 and in the subsequent discharge of the note for $1,250, was money that he held in trust for the bank and wrongfully converted for this purpose; and that, by reason thereof, appellee was the owner of the said parcel of land, and it prayed for a decree giving it title and possession of the said property and requiring appellants to quitclaim, transfer, and convey said property to it.

M. O. Durrett was the duly qualified and acting receiver of the said bank and intervened in this case, setting up the fact of his receivership, and asserting that he, as such receiver, was entitled to the possession of said property, and prayed for such relief.

The case was tried before a jury and submitted on special issues. In response to these special issues the jury rendered a verdict finding that Ballard, as cashier, appropriated to his own use funds belonging to appellee bank; that funds so appropriated by appellant were used by him in the purchase of the said parcel of land, and that the funds so used amounted to $1,825. Judgment was entered by the court on this verdict, by which appellants and W. J. Lawther, receiver in bankruptcy for E. F. Ballard, were divested of title to the parcel of land in controversy and title to same vested in appellee. It was further ordered and decreed by the court in this judgment that M. O. Durrett, as receiver of said Farmers' & Merchants' Bank, should have possession of said property and hold same pending the administration of the affairs of appellee by the court that appointed him as receiver.

Appellants requested a peremptory instruction in their favor, which was refused by the court, and seek a reversal of this case on the theory that appellant E. F. Ballard and the stockholders were partners in the banking business, and that only the relation of debtor and creditor existed between appellant E. F. Ballard and appellee bank, and that appellee did not have the right to trace the fund and recover the said property purchased by the funds, but could only pursue the ordinary remedy given a creditor to recover of his debtor.

[1] A statement of facts does not accompany the record, and appellee's petition does not bear out the contention made by appellants. The findings of the jury are to the effect that appellant E. F. Ballard used a trust fund in the purchase of this property and, in the absence of a statement of facts, we cannot go beyond this verdict of the jury. Appellants' assignments of error, based on the theory that only the relation of debtor and creditor existed between the parties, and also based on the theory that appellant E. F. Ballard was a partner in the business, are overruled.

[2] Appellants also assign error on the action of the court in overruling certain special exceptions made by appellants to that portion of appellee's petition which, in effect, allege the organization of other business concerns by appellant E. F. Ballard during the time he was cashier, and using for such purposes other money belonging to the bank or held in trust by the bank that he had converted for these private enterprises. There being no statement of facts, we are unable to determine whether appellants were injured by these allegations or not. If, under the facts before the jury, no other verdict could have been rendered, the overruling of these exceptions could not have been reversible error.

Finding no reversible error, the case is affirmed.