EMERGENCY CLINIC AND HOSPITAL et al. v. CONTINENTAL INV. CO.

No. 7609.

Court of Civil Appeals of Texas. Austin.

July 1, 1931.

Rehearing Denied July 25, 1931.

King, Wood & Morrow and W. H. Graham, all of Houston, for appellants.

Roberts, Monteith, Baring & Wilson, of Houston, for appellee.

BLAIR, J.

Appellee sued appellants upon a paving certificate issued by the city of Houston in the principal sum of $700, together with 7 per cent. interest, for reasonable attorney's fees, and for foreclosure of a statutory lien on the property involved securing the paving indebtedness. Appellants answered by a general demurrer, which was overruled, and a general denial. At the conclusion of the evidence the court instructed the jury as follows:

"The judgment in this case will be for the plaintiff for the amount sued for, which judgment the court will render."

"There will be submitted to you the following special issue: 'What do you find from a preponderance of the evidence, would be a reasonable fee for the attorneys for the plaintiff in filing and prosecuting this suit?' "

The jury answered $175.00, and judgment was accordingly rendered for appellee against appellants for the total sum of $932.99, and for foreclosure of the statutory lien on the property involved; hence this appeal.

■ Appellants contend that appellee waived its right to a judgment for principal and interest due on the paving certificate, and for foreclosure of any statutory lien securing the indebtedness, because appellee failed to request the court to submit special issues for the jury to determine the amount of principal and interest due, and whether there existed a statutory lien on the property with right of foreclosure. The contention is not sustained because these issues were undisputed and uncontroverted.

■ The paving certificate sued upon was for $700, with interest from its date at 7 per cent. per annum; and it also evidenced the statutory lien securing the indebtedness. Then, too, the appeal is prosecuted without a statement of facts and the judgment is presumed to have been supported by the undisputed or uncontroverted evidence.

In the case of American Surety Co. v. Hill County, 267 S. W. 265, 268, the Commission of Appeals propounded the following question: "When the trial court renders, under the facts, the only judgment that could be rendered, is it error for the trial court to render such judgment when the case is tried by a jury, without a verdict from the jury upon which to base such judgment?" After reviewing the authorities on the question, it was answered in the negative. In like manner the question was again disposed of by the Commission of Appeals in the case of Jones v. Hughes, 277 S. W. 624; and the rule was followed in the recent cases of Vaughn v. Bank (Tex. Civ. App.) 27 S.W.(2d) 1112; Livezey v. Putnam Supply Co. (Tex. Civ. App.) 30 S.W.(2d) 905.

The issue as to attorney's fee was submitted because the amount of the fee was not liquidated, and the question was therefore for the jury. It was the only issue before the court that was in dispute, and an instructed verdict on the issues of the amount of the principal and interest due on the paving certificate, and that the statutory lien

existed subject to foreclosure was unnecessary, because these issues were not disputed and no other finding or conclusion could have been reached on them.

Nor do we sustain the contention of appellants that appellee's petition was not good as against their general demurrer, for the following reasons:

(a) That it did not allege that the city had made any appropriation to pay its share of the cost of the improvement involved in this suit as required by the city charter.

(b) That it did not allege that before letting the contract for the improvements the proper certificate was made showing the money required had not been appropriated for other purposes, as required by the city charter.

(c) That it did not allege that before letting the contract for the improvements, the city advertised for bids, etc., as required by the city charter.

■ Neither contention is sustained because appellee's first amended petition contained allegations which in terms or by reasonable intendment were sufficient to admit evidence of every fact essential to be proved in support of the judgment rendered, and the petition was therefore good as against the general demurrer. In brief, it alleged a compliance by the city of Houston with all laws and prerequisites to making the paving contract; the making of valid assessments; the power to make the assessments, stating the authority; specific and general allegations that all laws had been complied with with respect to fixing a valid assessment lien for street improvements against the abutting property involved, as well as fixing the personal liability of appellants for the costs thereof. The petition also alleged the issuance of the paving certificate sued upon, which contained similar allegations to the above; that it was due and unpaid although demand had been made for payment; and that appellee owned the certificate. The petition was therefore not subject to the general demurrer, but was sufficient to admit proof of the amount of principal due on the certificate, and of the existence of the statutory lien, and the right of foreclosure of same in satisfaction of the indebtedness. Acts 40th Leg. (1927), 1st Called Sess., c. 106, § 6 (Vernon's Ann. Civ. St. art. 1105b, § 6); article 4a, Charter City of Houston, Sp. Acts 32nd Leg. (1911), 1st Called Sess., c. 23; Baker v. Clayton, 46 Tex. Civ. App. 384, 103 S. W. 197; Ballard v. Farmers' & Merchants' Bank (Tex. Civ. App.) 250 S. W. 719; Boaz v. Ferrell (Tex. Civ. App.) 152 S. W. 200; Bolt v. State Savings Bank of Manchester, Iowa, (Tex. Civ. App.) 179 S. W. 1119; Colorado Canal Co. v. Sims (Tex. Civ. App.) 82 S. W. 531; Drummond v. Allen Nat. Bank (Tex. Civ. App.) 152 S. W. 739;

Jones v. El Paso Bitulithic Co. (Tex. Civ. App.) 246 S. W. 749; Massie v. City of Ft. Worth (Tex. Civ. App.) 262 S. W. 837; Vernon's Revised Civil Statutes, art. 1105b, § 6; Scanlan v. Gulf Bitulithic Co. (Tex. Civ. App.) 27 S.W.(2d) 877, 878; Shelton v. Lock (Tex. Civ. App.) 19 S.W.(2d) 124; Sowers v. Yeoman, 62 Tex. Civ. App. 188, 129 S. W. 1153; Terrell v. Otis Elevator Co. (Tex. Civ. App.) 248 S. W. 467; Vilbig v. Faison (Tex. Civ. App.) 296 S. W. 669; Wiggins v. First Nat. Bank (Tex. Civ. App.) 175 S. W. 735.

■ Nor do we sustain appellants' contention that appellee's petition does not allege compliance with article 4a of the city charter, or that said article 4a had ever been adopted as an amendment to the city charter. The petition recites that the city levied the assessment for the street improvements in question under authority of article 4a; and that all laws prerequisite to the assessment had been complied with by the city. These allegations were sufficient as against a general demurrer to admit proof of the fact that article 4a had been adopted as an amendment to the charter of the city of Houston by vote of the qualified voters named therein. And since the appeal is without a statement of facts, it will be presumed, in support of the judgment, that all necessary facts were proved.

We are not only of the opinion that the petition alleges all facts necessary to admit proof in support of the judgment as against a general demurrer, but that since appellee sued upon the certificate of assessment, which recites many of the facts plead as to compliance with charter provisions, the petition was sufficient as against the general demurrer; and in support of this conclusion we quote as follows from the recent decision of this court in the case of Scanlan v. Gulf Bitulithic Co., 27 S.W.(2d) 877, 878:

"In making assessments against property owners for local improvements, the general rule is that the charter or statutory provisions for their imposition must be substantially complied with, and any material variation therefrom will invalidate such assessments. Jones v. El Paso Bitulithic Co. (Tex. Civ. App.) 246 S. W. 749; Dallas v. Bergfield (Tex. Civ. App.) 245 S. W. 749, 753; 25 R. C. L. 94; 44 C. J. 497.

"It is not necessary, however, for a holder of a paving certificate either to allege or prove that all the detailed steps or procedure prescribed in the city charter and in the general law have been complied with before he can recover on such certificate. In accord with the provisions of the Houston charter, the certificates sued upon herein provided: 'That all proceedings with reference to making such improvements have been regularly had in compliance with the law; the charter of said city and the terms of this cer-

tificate, and that all prerequisites to the fixing of the lien and claim of personal liability evidenced by this certificate have been performed.'

"The introduction of said certificates in evidence constituted prima facie evidence of the facts therein recited. Massie v. City of Ft. Worth (Tex. Civ. App.) 262 S. W. 837."

We find no error in the judgment of the trial court, and it will be affirmed.

Affirmed.

### On Motion for Rehearing.

Appellants insist on motion for rehearing that our holding that appellee did not, by failure to request the submission of the issues to the jury, waive its right to judgment on the paving certificate and for foreclosure of the statutory lien securing same, is in conflict with the holdings in the cases of Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W. (2d) 1084; and Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591. We find no such conflict. The cases cited merely hold that where the party at interest fails to request the submission of a disputed "ground of recovery or defense," same will be regarded as waived. No such question is presented here. The ground of recovery pleaded by appellee was undisputed and uncontroverted, and the trial court instructed the jury that judgment would be rendered for appellee on such undisputed or uncontroverted ground of recovery, submitting to the jury in that connection the only disputed ground of recovery asserted by appellee.

Motion overruled.

Overruled.