**DAVIS, Agent, v. ADKINS. (No. 2729.)**

(Court of Civil Appeals of Texas. Texarkana. April 25, 1923. Rehearing Denied May 10, 1923.)

**1. Carriers ⟨⟩307(4)—No notice within 60 days of injuries to stock caretaker required.**

Where plaintiff, caretaker of stock, was injured while in caboose, by violent starting of train, failure to give notice of injury within 60 days, as required by bill of lading in case of "injury to property," was immaterial.

**2. Limitation of actions ⟨⟩118(2)—Action for injuries to caretaker of stock on train held filed in time.**

Where suit for injuries to caretaker of stock was filed within two years after injury occurred, and the citation was not actually served on all of the agents of the railway companies over which the stock shipment was routed until shortly after the expiration of the two years, but plaintiff was not responsible for the delayed service, the suit was not barred, as a suit begins where the original petition is filed, unless plaintiff is responsible for withholding issuance and service of citation.

**3. Carriers ⟨⟩307(1)—On intrastate shipment, carrier cannot limit time to sue to less than time fixed by statute.**

On an intrastate stock shipment, the carrier could not limit the right of injured caretaker to sue to a time less than that fixed by statutes.

**4. Depositions ⟨⟩76—Motion to suppress because envelope was sealed and mailed by deputy district clerk held properly denied.**

In personal injury action, motion to suppress deposition taken in another county on the ground that the envelope was sealed and mailed by the deputy district clerk of that county was properly denied, in view of Rev. St. art. 1691, as to powers of deputy district clerks, and the qualification by the trial court of the bill of exceptions that the return on the envelope had the appearance of being free from evidence of being tampered with.

**5. Appeal and error ⟨⟩1048(2)—Exclusion of professional communications by plaintiff to attorney held not error.**

In personal injury action, the exclusion, as privileged, of professional communications by plaintiff to an attorney was not error; the attorney being permitted to testify to other facts concerning the appearance and demeanor of plaintiff indicating that the latter's injuries were not serious.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Action by T. S. Adkins against James C. Davis, Agent. From a judgment for plaintiff, defendant appeals. Affirmed.

Young & Stinchcomb, of Longview, R. S. Shapard and Geo. Thompson, both of Dallas, and Jones & Jones, of Mineola, for appellant.

Simpson, Lasseter & Simpson, of Tyler, and Hart & Maberry, of Mineola, for appellee.

HODGES, J. In November, 1919, Adkins, the appellee, contracted with the railway agent at Mineola, Wood county, for the transportation of some livestock and other property from Mineola to Paducah, Tex. The written contract, or bill of lading, provided transportation for the appellee to accompany the shipment as a caretaker. The routing was over three lines of railroad—the Texas & Pacific, the Fort Worth & Denver City, and the Quanah, Acme & Paducah. When the train carrying the appellee and his goods reached Cowan, a point on the Fort Worth & Denver City Railroad, it was sidetracked to allow another train to pass. While waiting at that point the appellee was permitted to occupy the caboose. He alleges that when his train began to leave the side track it was started with a jerk of such violence that he was thrown against the opposite wall of the caboose and received the injuries for which he sued. He filed a suit to recover damages for injuries to himself and also to some of his stock but subsequently abandoned any claim for damages to the stock and in the trial below sought a judgment only for personal injuries.

[1] In response to special issues the jury found that the appellee was injured in the manner alleged by reason of the negligence of the railway employees, and assessed his damages at the sum of $7,500. The contract, or bill of lading, contained a stipulation that notice should be given to the nearest agent of the carrier within 60 days of any injury to the property being transported. However, there is no provision for such notice of any personal injuries which the caretaker might sustain. The assignment based upon the failure of the appellee to give such notice before filing this suit is overruled.

[2] The defense of limitation is unavailable in this case. The suit was filed within two years after the injury occurred, but the citation was not actually served upon all of the railway agents till a short time after the expiration of the two years. A suit begins

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

when the original petition is filed, unless the plaintiff is responsible for withholding the issuance and service of citation. Tribby v. Wokee, 74 Tex. 142, 11 S. W. 1089. The evidence in this case shows that the plaintiff was not responsible for the delayed service, nor does it appear that the delay was unreasonable. The defense is without merit, even if we should hold that the statute of limitation of two years applied.

[3] This being an intrastate shipment, the carrier could not limit the right of the plaintiff to sue to a time less than that fixed by the statute. T. P. Ry. Co. v. Langbehn (Tex. Civ. App.) 158 S. W. 244; Fire Ass'n v. Richards (Tex. Civ. App.) 179 S. W. 926. There was no error in overruling the contention that the suit was not filed within the time stipulated in the bill of lading.

[4] The appellee took the deposition of Dr. John W. Harper. Before going into the trial the appellant moved to suppress that deposition, on the ground that the envelope was sealed and mailed by the deputy district clerk of Cottle county. The proposition asserted is that the law providing for the taking of depositions does not authorize a deputy clerk to exercise that power. Article 1691 of our Revised Civil Statutes provides that deputy district clerks "shall act in the name of their principal, and may do and perform all such official acts as may be lawfully done and performed by such clerk in person." In approving the bill of exceptions the trial judge indorsed the following qualification:

"The return on the envelope had every appearance of being free from any evidence that it had been tampered with, and clearly indicated the purity of the return of the deposition."

There was no error in overruling the motion to suppress the deposition.

[5] The appellant complains of the refusal of the court to permit him to prove by an attorney residing at Paducah certain statements made to him by the appellee. The bill of exception shows that this witness would have testified to professional communications which were wholly immaterial and which the court excluded upon the ground that they were privileged. He was permitted, however, to testify to other facts concerning the appearance and demeanor of the appellee, indicating that his injuries were not serious. The assignment is overruled.

Complaint is also made of the refusal of a special charge on contributory negligence. The evidence did not raise that issue, and the court properly omitted it from the charge.

There are other assignments, based upon objections to testimony which was admitted. These have been examined, and are overruled without discussion.

The judgment is affirmed.