### MASSIE v. CITY OF FORT WORTH.
(No. 7179.)

(Court of Civil Appeals of Texas. San Antonio. May 28, 1924.)

**1. Courts** ⬳30—Jurisdiction of district court not destroyed by defense defeating lien.

Jurisdiction of district court shown by petition for debt and to foreclose lien on land, in absence of pleading or proof that allegations of lien were fraudulently made to confer jurisdiction, was not defeated by defense of homestead defeating lien.

**2. Municipal corporations** ⬳485(5)—Improvement certificate prima facie evidence recitals.

Certificate issued to contractor for local improvement in Fort Worth, is under city's charter prima facie evidence of truth of its recitals, as of contract made.

**3. Municipal corporations** ⬳586—Personal judgment for improvement recoverable against owner of homestead.

Relative to right to personal judgment against owner of property for street improvements in front of it, it is immaterial whether city knew property was his homestead, defeating lien.

**4. Limitation of actions** ⬳118(2)—Filing of petition halts running, plaintiff not being responsible for delay in issuing citation.

Filing of petition halts running of statute, notwithstanding delay in issuance and service of citation, it being shown plaintiff did not intend or desire delay, but prompt action.

**5. Municipal corporations** ⬳586—Owner personally liable for paving though not party to contract.

To make abutting owner personally liable for cost of street paving he need not be party to paving contract, city having under its charter authority to pave in front of all property.

**6. Municipal corporations** ⬳294(2)—Resolution to pave conclusive of necessity and benefits without notice.

Under Fort Worth City Charter, subc. 12, § 5, resolution of city government to pave

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

street was conclusive of public necessity and benefits therefrom, without notice to abutting owner.

**7. Municipal corporations $\Longleftrightarrow$568(1)—Notice of contract for paving presumed.**

That requirements of charter relative to street paving were complied with, and due notice given by publication of execution of contract, is presumed.

**8. Municipal corporations $\Longleftrightarrow$488, 489(5)—Objections to improvement assessment waived.**

Under Fort Worth City Charter, subc. 12, § 8, all objections to assessments for street paving are waived by failure to object at time and in manner provided by charter.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by City of Fort Worth against C. W. Massie. From adverse judgment, defendant appeals. Affirmed.

C. W. Massie, of Fort Worth, for appellant.

Charles Kassel, of Fort Worth, for appellee.

FLY, C. J. This is a suit instituted by the city of Fort Worth, for the use of Roach-Manigan Paving Company, against C. W. Massie and Annie S. Wallace, to recover of them the sum of $340.38, with interest at 8 per cent., as evidenced by an improvement certificate issued by said city to said firm, and creating a lien on the property of appellants, in front of which a street was paved by said Roach-Manigan Company. The prayer was for the sum evidenced by the certificate and for foreclosure of a lien on the property of appellants. The latter pleaded homestead and limitations. The cause was tried without a jury and judgment rendered as against C. W. Massie for $497.68, and a decree of foreclosure was denied on the ground that the property was the homestead of C. W. Massie and family, and the suit was dismissed as to Annie S. Wallace. This appeal is prosecuted by C. W. Massie.

The improvement certificate on which the suit was based was executed by the city of Fort Worth to the Roach-Manigan Paving Company on May 24, 1912, for paving Hurley avenue, from Myrtle street to Magnolia avenue. All the preliminary requirements of the law were complied with by the city and by ordinance the cost of the work was assessed, the amount assessed against appellant being $288.16, for paving done in front of lots 11 and 12, in block A, McAnulty & Nye addition. By the terms of the certificate a lien was fixed on the property, and the certificate was made assignable and had three coupons attached and made payable respectively in 30 days, in 1 year and in 2 years, from May 24, 1912. Citation was is-

sued on November 23, 1914. The paving in front of appellant's property was completed on May 12, 1912. The suit was filed on May 22, 1914. When the petition was filed no instructions not to file were given by attorneys for the plaintiff and it appeared that it was the desire and intention of appellee that the citation be issued at once.

[1] This suit was instituted not only for a debt, but to foreclose a lien on certain real property, and the allegations showed jurisdiction in the district court. Without pleading or proof that the allegations as to the lien were fraudulently made in order to confer jurisdiction on the district court, jurisdiction attached, and was not destroyed by the defense of the property being a homestead. Handel v. Elliott, 60 Tex. 145; Hoffman v. B. & L. Association, 85 Tex. 410, 22 S. W. 154; Ablowich v. National Bank, 95 Tex. 429, 67 S. W. 79, 881. The first assignment of error is overruled.

[2] The second assignment of error is without merit. The certificate issued to the contractors showed that the contract was made and the existence of the contract was not made an issue in the case. If appellant desired to show there was no contract, he should have pleaded and proved there was none. The recitals in the certificate under the charter were prima facie evidence of the truth of them. Withers v. Crenshaw (Tex. Civ. App.) 155 S. W. 1189.

[3] The third assignment of error is overruled. There was sufficient in the petition to show that there was a contract with the contractors to pave Hurley avenue, and appellant had notice, not only that the contract existed, but that the paving had been done contiguous to his property It did not matter whether appellee knew appellant's property was a homestead or not, as it was not affected by the judgment.

[4] The suit was filed in less than 2 years after the first installment became due, and, under the facts, the filing of the petition stayed the running of limitation. The evidence showed that there was no intention or desire upon the part of the plaintiff to delay the issuance of process, but, on the other hand, that prompt action was desired. In all cases wherein it has been held that delay in issuance of citation would prevent the filing from stopping the running of limitations, the plaintiffs had been chargeable with the delay in the issuance of the citations. The general rule is that the filing of the petition halts the running of limitations, and to affect that general rule it must be shown that the plaintiff is responsible for delaying issuance and service of citation. Tribby v. Wokee, 74 Tex. 142, 11 S. W. 1089; Davis v. Atkins (Tex. Civ. App.) 251 S. W. 285.

The statement of facts does not show that the petition was introduced in evidence. The fifth assignment of error is overruled.

The sixth assignment of error is overruled. The error complained of is clearly a clerical one, and did not operate to the injury of appellant.

[5, 6] In order to bind appellant it was not necessary for him to be a party to the paving contract. The city had the authority, under its charter, to pave in front of the homesteads and all other property. When the city government passed a resolution to pave any street, it was conclusive of the public necessity and benefits thereof, and no notice of such resolution was required. Subchapter 12, § 5, Charter of City of Fort Worth; page 287, Special Laws of 1909.

[7, 8] The presumption is that the requirements of the charter were complied with and that due notice of execution of the contract for improvements by publication was given, and all objections to the assessments were waived by a failure to object at the time and in the manner provided by the charter. Subchapter 12, § 8, Charter of Fort Worth; City of Paris v. Brenneman, 59 Tex. Civ. App. 464, 126 S. W. 58; Jones v. City of Houston (Tex. Civ. App.) 188 S. W. 688.

The appeal is without merit, and the judgment is affirmed.