## McCUSKER v. FIELD.
### No. 11489.

Court of Civil Appeals of Texas. Dallas. Nov. 17, 1934.

H. A. Lampman, of Denison, for plaintiff in error.

John T. Suggs, of Denison, for defendant in error.

LOONEY, Justice.

Julian C. Field, owner and holder of a paving certificate issued by the city of Denison, Tex., sued Mrs. Mollie Hogan McCusker, to recover the balance due thereon, and to foreclose the statutory lien upon her homestead property.

The case was tried to the court, whose unassailed findings are to the effect that the proceedings resulting in the issuance of the certificate were regular and legal in every respect; thereupon rendered personal judgment against defendant for the amount due and unpaid on the certificate, but refused foreclosure, from which defendant appealed, and plaintiff filed a cross assignment, complaining of the action of the court denying foreclosure.

Plaintiff in error challenged the jurisdiction of the court, on the ground that the amount of the indebtedness sued for, exclusive of interest, was not cognizable by the district court, and that defendant in error had falsely and fraudulently alleged the existence of a paving lien, for the purpose of showing that the court had jurisdiction.

The plea to the jurisdiction tendered an issue of fact, upon which the trial court found that: "There was no evidence introduced in support of the allegations of defendant, Mollie Hogan McCusker, that plaintiff wrongfully or fraudulently alleged the existence of a lien upon said premises for the purpose of conferring or attempting to confer jurisdiction

upon this court; but that plaintiff in good faith alleged the existence of said lien and in the trial hereof insisted that under the facts of the case, the homestead exemption did not apply to the lot in question."

We do not think the court erred in overruling the plea. See Ablowich v. Greenville National Bank, 95 Tex. 429, 67 S. W. 79, 881; Massie v. City of Fort Worth (Tex. Civ. App.) 262 S. W. 837, 838.

Plaintiff in error also assigned error on the action of the court in overruling her plea of non est factum. The court committed no error in this respect, as the suit is not founded on an instrument in writing, alleged to have been executed by defendant in error, or by her authority, but is based exclusively upon an improvement certificate, which the courts found to be regular and legal. We have considered and overrule all assignments and propositions urged by plaintiff in error for reversal.

In the cross-assignment, defendant in error contends that the court erred in holding exempt as a homestead the lot of land upon which the lien is claimed and foreclosure sought. The lot in question was the homestead of Mrs. McCusker and her husband, James McCusker, owned, used, and occupied by them as a homestead at and prior to the death of Mr. McCusker, and since his death Mrs. McCusker has continued to so use and occupy the premises, but at no time after the death of Mr. McCusker did any one reside or live with Mrs. McCusker on the premises in such relationship as to constitute her the head of a family. The initiation of the paving enterprise by the city of Denison, and all proceedings with respect thereto, were had subsequent to the death of Mr. McCusker.

The contention of defendant in error, in short, is that Mrs. McCusker, the surviving spouse, cannot claim the homestead as exempt from forced sale for debts created subsequent to the dissolution of the family by the death of Mr. McCusker. We think the plain, unambiguous provisions of the Constitution furnish a conclusive answer to this contention. Section 50 of article 16 exempts a homestead from forced sale "for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing" (and if the wife be living her consent to such an arrangement

must be given in the manner prescribed). Section 52 of the same article provides that: "On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having the jurisdiction, to use and occupy the same."

These provisions protect the homestead to the surviving spouse against all creditors and heirs, and the survivor cannot be divested, except by his or her voluntary action, such as an abandonment or some species of alienation. However, this proposition is not a denial, of a right, based upon some overruling reason, to divest one of a homestead as an incident to the divestiture of title to the land on which it is superimposed, as in cases where the title is not burdened with a homestead estate.

■ While the Constitution permits forced sales of homesteads, to pay the costs of work and materials used in constructing improvements thereon, this can only be done when the same are contracted for in writing (with the consent of the wife, if there be a wife, in the manner prescribed in the Constitution); but we think the Legislature is denied the right to create and impose on the homestead an involuntary lien for any purpose. However, the Legislature made no such attempt in the enactment under which the city of Denison proceeded in the instant case. See Acts 1927, 40th Leg., First C. S., p. 489, ch. 106 (Vernon's Ann. Civ. St. art. 1105b). On the contrary, it is provided in section 8 of said act (Vernon's Ann. Civ. St. art. 1105b, § 8) that: "Nothing herein shall empower any city, or its governing body, to fix a lien against any interest in property exempt, at the time the improvements are ordered, from the lien of special assessment for street improvements, but the owner or owners of such property shall nevertheless be personally liable for any assessment in connection with such property. The fact that any improvement, though ordered, is omitted in front of property, any interest in which is so exempt, shall not invalidate the lien or liability of assessments made against other property."

So, in view of these constitutional and statutory provisions, the involuntary lien sought to be foreclosed upon the homestead property of Mrs. McCusker could not have been legally imposed by any action of the city of Denison. Furthermore, we find a complete answer to the contention of defendant in error in the pronouncements of law, by Chief Justice Cureton, in Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.(2d) 35, where, in an able and exhaustive opinion, he gave the origin, purpose, and nature of the homestead exemption.

We therefore overrule all assignments and propositions urged by plaintiff in error, as well as the cross-assignment urged by defendant in error, and affirm the judgment of the court below.

Affirmed.