AERO GAS REFINING CO., Inc., v.
FRICK–REID SUPPLY COR-
PORATION.

No. 3978.

Court of Civil Appeals of Texas. El Paso.
Jan. 9, 1941.

Rehearing Denied Jan. 30, 1941.

T. M. Milam, of Fort Stockton, for appellant.

Hart Johnson and Travers Crumpton, both of Fort Stockton, for appellee.

WALTHALL, Justice.

The appellee in this appeal, Frick-Reid Supply Corporation, brought this suit, as plaintiff, in the District Court of Pecos County to recover against appellant a balance, alleged to be due upon a duly verified open account, in the sum of $385.27. The account is attached to and made a part of the petition and is for machinery, casing pipe, material, tools and supplies alleged to have been sold and delivered to appellant for the purpose of, and so used in connection with, the construction, completion, operation, repairing and maintaining of a refinery located upon the tract of land described as the "1980' from southeast line (SEL) and 660' from the northeast line (NEL) of Section No. 101, Block No. 10, H. & G. N. Railroad Company Survey, which location is known as the Aero Gas Refining Company No. 6 Gregg, Pecos County, Texas."

It is alleged that at the time the contract (of sale) was made appellant owned and still owns said goods itemized and said oil refinery located upon the above described tract of land and the land itself.

Appellee alleged that it caused to be fixed a materialman's lien upon all of the above described property sold to appellant, and upon the improvements and appurtenances on said land and said oil and gas leasehold estate, and all other personal property and equipment situated upon said land and used in connection with the said refinery, and filed and recorded same, and appellee alleged its ownership of said lien and prayed judgment for its debt and a foreclosure of its lien.

Appellant filed answer, in effect, that the amount in controversy is below the jurisdiction of the district court, and that appellee fraudulently alleged a lien on the real estate in order to give the court jurisdiction; that the land is insufficiently described to authorize a foreclosure of a lien, and such defects in the purported lien that there can be no good faith on the part of appellee as to give the court jurisdiction; further pleaded general demurrer and general denial.

The case was tried to the court without a jury. The court in the judgment finds:

1. That plaintiff's claim is upon a verified account for the sum of $385.27, and that defendant has not denied said account in whole or in part.

2. That plaintiff's proof failed to sustain the materialman's lien asserted by it and sought to be foreclosed.

3. That plaintiff instituted this suit in good faith for the purpose of collecting its debt and foreclosing an asserted material-

man's lien, and that such foreclosure was not sought for the purpose of conferring jurisdiction upon this court.

The court entered judgment for plaintiff against defendant for $385.27, the amount sued for, and authorized the issuance of execution, from which judgment defendant duly prosecutes this appeal.

Appellant presents two propositions. The first is that plaintiff's suit is for an amount without the jurisdiction of the court, except for an allegation of a lien on real estate; that there being no lien on real estate that the court could enforce for want of sufficient description of the real estate, the court should have dismissed plaintiff's cause of action.

 We do not understand from the judgment that the court found against the lien for want of sufficient description of the real estate upon which the lien was alleged and sought to be foreclosed; the judgment simply recites that the "plaintiff's proof failed to sustain the materialman's lien," and said nothing about a want of description of the real estate. A failure of the proof to establish a materialman's lien on real estate might arise for other reasons than an insufficient description of the real estate upon which the lien is sought. There having been no such issue presented and passed upon by the court, the question of "want of description" of the real estate is not before us.

The second proposition complains that the court erred in overruling its general demurrer, because the petition showed on its face that no real estate was described on which a lien could be had.

The record does not show that defendant presented a general demurrer to the court, or that the court overruled its demurrer.

To show such error, the record must show that the general demurrer was in some way called to the trial court's attention and that the court overruled it. No action by the court on the demurrer shows a waiver.

The trial court, however, as suggested by appellant, found that appellee had no lien upon the land that could be foreclosed. Appellant's contention is that such finding destroyed the jurisdiction of the court; that is, where the amount sued for is below the jurisdiction of the court, the court must find a lien upon real estate upon which a foreclosure may be had. Appellant refers to Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S.W. 79, 881, 882. The court found that appellee instituted the suit in good faith for the purpose of collecting its debt and foreclosing an asserted materialman's lien (on real estate), and that such foreclosure was not sought for the purpose of conferring jurisdiction upon the court.

Judge Brown, for the Supreme Court, reviewed the Ablowich v. Greenville case at much length, and held, as we understand the case, "power is given over 'suits to enforce liens' on land, and a failure of the lien makes it no less a 'suit to enforce a lien.'" That where a suit is brought in a district court, in good faith, to enforce a lien on land, the fact that it developed upon the trial that there was no lien did not deprive the court of jurisdiction, but having once acquired it, under Article 5, Section 8, of the Constitution, Vernon's Ann.St., by virtue of the nature of the suit, the court had the authority to administer such, and the parties were entitled to have the same adjudicated, and referred to cases so holding. To the same effect is McCusker v. Field, Tex. Civ.App., 76 S.W.2d 816; Massie v. City of Fort Worth, Tex.Civ.App., 262 S.W. 837, and the cases there referred to.

Finding no reversible error, the case is affirmed.